UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:12-CV-000135


JACQUELINE MARIE GARNER,                                                  Plaintiff
individually, and on behalf of all other persons
similarly situated


v.


BOWLING GREEN METALFORMING L.L.C.                                         Defendant


## MEMORANDUM OPINION

This matter is before the Court upon Defendant Bowling Green Metalforming L.L.C.'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 13.) Plaintiff Jacqueline Marie Garner has responded, (Docket No. 16), and Defendant has replied, (Docket No. 17). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion to Dismiss will be GRANTED; an appropriate Order will issue separately.

BACKGROUND

The facts of this case are agreed upon substantially by the parties. (*See* Docket No. 16-1, at 1.) Plaintiff Jacqueline Marie Garner (Garner) is employed by Defendant Bowling Green Metalforming L.L.C. (BGMF) in its assembly department. BGMF operates a plant in Bowling Green, Kentucky, where it manufactures automobile parts for

several major automobile companies.  Garner has been employed by BGMF since May 2005.  According to Garner, her workday lasts 8 hours and 5 minutes, beginning at 6:30 a.m. and concluding at 2:35 p.m.  (Docket No. 1-1, at 5-6.)  She takes a 20-minute paid rest break from 9:10 a.m. to 9:30 a.m.  She then works from 9:30 a.m. until 12:25 p.m., when she takes a 35-minute lunch break lasting until 1:00 p.m.  Thereafter, she returns to work from 1:00 p.m. until her shift ends at 2:35 p.m.  (Docket No. 1-1, at 6.)  The following chart summarizes Garner's workday:

| Time Period | Duration | Description |
| --- | --- | --- |
| 6:30 a.m. – 9:10 a.m. | 2 hours, 40 minutes | Work |
| 9:10 a.m. – 9:30 a.m. | 20 minutes | Paid Rest Break |
| 9:30 a.m. – 12:25 p.m. | 2 hours, 55 minutes | Work |
| 12:25 p.m. – 1:00 p.m. | 35 minutes | Lunch Break (30 minutes paid; 5 minutes unpaid) |
| 1:00 p.m. – 2:35 p.m. | 1 hours, 35 minutes | Work |

BGMF's facility operates 24-hours per day in three shifts.  Garner seeks to represent a putative class consisting of all hourly workers who have worked at BGMF during the last five years, on the bases that her schedule is typical of all employees and that the rest-period schedule is typical of the class.  (Docket No. 1-1, at 6.)

      This action was originally brought in Warren Circuit Court in July 2012 before being removed to this Court in August 2012 on diversity grounds.  (*See* Docket Nos. 1; 1-1.)  BGMF now moves to dismiss Garner's action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that under the plain language of the Kentucky rest-break statute, Ky. Rev. Stat. § 337.365, and the only authority interpreting that statute, Garner's

Complaint fails to state a claim for relief that is plausible on its face.  (*See* Docket No. 14.)

## STANDARD

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may be attacked for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). And although a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  Rather, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (citing *Twombly,* 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

## DISCUSSION

As previously noted, the facts relevant to the instant Motion are largely undisputed. (*See* Docket No. 16-1, at 1.) Rather, the issue before the Court centers on the interpretation of the Kentucky rest-break statute, which provides, in full:

> No employer shall require any employee to work without a rest period of at least ten (10) minutes during each four (4) hours worked, except those employees who are under the Federal Railway Labor Act. This shall be in addition to the regularly scheduled lunch period. No reduction in compensation shall be made for hourly or salaried employees.

Ky. Rev. Stat. § 337.365. Even more precisely, the issue here focuses on the specific meaning and interpretation of the language "during each four (4) hours worked."

On this, the parties offer competing interpretations as to the statute's meaning. BGMF argues that under its plain meaning, the statute requires "a rest break sometime in the first 4 hours of [Garner's] shift—that is, from 6:30 a.m. and 10:30 a.m." (Docket No. 14, at 6.) The rest-period clock, according to BGMF, only restarts after those four hours—*i.e.*, at 10:30 a.m.—and not after Garner's break ending at 9:30 a.m. BGMF maintains that because Garner's 35-minute lunch break does not count as "work time,"

she therefore works only 3 hours 30 minutes between 10:30 a.m. and the conclusion of her shift at 2:35 p.m. As such, BGMF reasons she is not entitled to a second rest break under the Kentucky statute. (Docket No. 14, at 6.)

Garner disagrees. Instead, she posits that the 4-hour clock restarts when she returns from her first break at 9:30 a.m., after which she works some 4 hours 30 minutes (2 hours 55 minutes before her lunch break and 1 hour 35 minutes after) without an additional rest break. Therefore, according to Garner, BGMF is in violation of § 337.365 by not affording her an additional 10-minute break between 9:30 a.m. (when her first break concludes) and 2:35 p.m. (when her shift ends). (*See* Docket No. 16-1, at 1-2, 6.)

Unfortunately, as the parties note, there is little to no case law or regulatory guidance interpreting § 337.365. The only authority that does exist appears to be a pair of Opinions of the Kentucky Attorneys General: the first, from 1970, interpreting a pre-1980 amendment version of the Kentucky rest-break statute, *see* 1970 Ky. Op. Att'y Gen., OAG 70-611; and the second, from 1984, addressing when a rest break is required and what constitutes "actual time worked," *see* 1984 Ky. Op. Att'y Gen. 2-275, OAG 84-251. As an initial matter, the Court notes that Opinions of the Kentucky Attorneys General are not binding authority on Kentucky law but, nonetheless, may be given "great weight," *Woodward, Hobson & Fulton, L.L.P. v. Revenue Cabinet*, 69 S.W.3d 476, 480 (Ky. Ct. App. 2002), and are "highly persuasive," *Palmer v. Driggers*, 60 S.W.3d 591, 596 & n.7 (Ky. Ct. App. 2001) (citing *York v. Kentucky*, 815 S.W.2d 415 (Ky. Ct. App. 1991)). In light of its reading of the language of § 337.365 and the relevant rationale of

the Attorneys General's published opinions, the Court agrees with BGMF's interpretation of the statute's rest-break requirements for several reasons.

First, the plain language of the statute requires a 10-minute rest break *during* each four hours worked.  Garner argues that it is incorrect to read a "block" or "period" into the statute because the statute contains neither term and to do so requires "adding language to the meaning of the statute." (Docket No. 16-1, at 1-2.)  "The legislature," she maintains, "could have easily added the words 'block' or 'period' to the language of 'during each four hours worked' if they intended it to mean a fixed block of time dividing the workday." (Docket No. 16-1, at 3.)  But, as the Kentucky Supreme Court has recently stated, even where "the intent of the legislature certainly would have been more perfectly expressed [by more specificity in the statute], this Court does not generally require statutes to use magic words." *Cabinet for Health & Family Servs. v. Chauvin*, 316 S.W.3d 279, 287 (Ky. 2010) (citing *Kentucky ex rel. Conway v. Thompson*, 300 S.W.3d 152, 166–67 & n. 41 (Ky. 2009)).

Second, the pair of Attorneys General's Opinions, though not perfectly on point with the facts here, support the conclusion that Garner is not entitled to a second 10-minute break under § 377.365.  The 1970 Opinion, despite addressing the pre-1980 amendment version of § 377.365, can be fairly read to stand for the conclusion that a regularly scheduled lunch period should not be considered a "work" period.  1970 Ky. Op. Att'y Gen., OAG 70-611.  "The test," according to that Opinion, is "how many hours does the employee 'work,' regardless of how the period is broken by lunch periods." *Id.* at 3.  Posing the hypothetical scenario where an employee works from 8:00 a.m. to 12:00

p.m., takes a 30-minute lunch period from 12:00 p.m. to 12:30 p.m., and then resumes work from 12:30 p.m. to 4:00 p.m., the Opinion reasons that "the employee is entitled to only one rest period in the morning, since she works but 3-1/2 hours during the second work period." *Id.* at 2.  Further, this Opinion clearly supports the conclusion that the 4-hour clock does not reset upon the conclusion of an employee's first 10-minute break.  In the hypothetical just mentioned, the Opinion neither states nor implies that an employee's postrest-break, prelunch working time should be aggregated with her postlunch working time in calculating whether she has worked 4 hours without the requisite break.  Instead, it focuses on the first four hours of the day, from 8:00 a.m. to 12:00 p.m., and the second four hours of the day, from 12:00 p.m. to 4:00 p.m., to conclude that a 30-minute lunch period from 12:00 p.m. to 12:30 p.m. reduces the second four-hour block to only 3 hours 30 minutes of actual working time, for which no additional rest break is required.  *See id.*

The 1984 Opinion, which addresses the current version of § 377.365, also supports the conclusion that Garner is not entitled to a second 10-minute rest-break period.  *See* 1984 Ky. Op. Att'y Gen. 2-275, OAG 84-251.  That Opinion begins by summarizing the 1970 Opinion as having concluded "that a second break is not required where the employee works only 7 1/2 hours." *Id.* at 1.  The 1984 Opinion then frames the question before it as "whether or not a second break is required under the amended statute for any portion of time by which a working day exceeds four (4), but is less than eight (8) hours." *Id.*  The Opinion goes on to pose several hypothetical examples (none of which are directly on point with the facts here) before concluding: "[T]he obligatory ten-minute rest period must be considered as working time.  [That is], a ten-minute rest

period must be added to the hours worked, to determine the number of rest periods and wherein each one occurs." *Id.* at 2. Despite not directly addressing whether the 4-hour statutory clock resets at the end of a required 10-minute break, the Opinion's reasoning unambiguously implies it does not. For example, the Opinion offers a hypothetical scenario where an employee works from 7:00 a.m. to 11:00 a.m., takes a lunch break from 11:00 a.m. to 11:30 a.m., and resumes working from 11:30 a.m. to 3:30 p.m. Here, the Opinion advises that the employee "is entitled to two paid rest periods of at least ten minutes each, one between 7:00 a.m. and 11:00 a.m. and one between 11:30 a.m. and 3:30 p.m." *Id.* at 1. The Court reads two clear conclusions from this reasoning: first, the Attorney General considers § 377.365's "during each four (4) hours worked" language as establishing 4-hour blocks during the workday; and second, that the Attorney General interprets the rest-break clock as restarting after each 4-hour period, not after each 10-minute break.

The Court finds these Opinions' reasoning supports BGMF's position. Despite not directly addressing whether the 4-hour rest-break clock begins anew at the conclusion of a break period or at the conclusion of a 4-hour block of working time, the clear inference to be drawn from the Opinions' reasoning cuts against Garner's argument here. Given the near-complete lack of case law interpreting this statute, the Court concludes, based on these Opinions, that the 4-hour rest-break clock does not restart upon the conclusion of an employee's first 10-minute break, but rather at the conclusion of the first 4-hour block of working time. Accordingly, under § 377.365, Garner is entitled to one 10-minute break during her first four working hours—*i.e.*, between 6:30 a.m. and 10:30

a.m.  The 4-hour clock restarts at 10:30 a.m., entitling her to a second 10-minute break thereafter if she works another 4 hours.[1]  However, because Garner's 35-minute lunch is excluded from working time, she works only 3 hours 30 minutes between 10:30 a.m. and 2:35 p.m.  Therefore, she is not entitled to a second 10-minute rest break under § 377.365.

Garner offers a well-reasoned argument why calculating the 4-hour period from the end of an employee's rest break represents a more rational reading of the statutory text.  Specifically, she poses the hypothetical where an employee is required to take her 10-minute break immediately upon arrival at work and then work throughout the remainder of the workday (excluding lunch) without a rest period.  (*See* Docket No. 16-1, at 3.)  Under BGMF's and the Court's interpretation of § 377.365, this would indeed be legal under the statute.  The Court does not disagree that this interpretation presents some challenges; however, the Court is nonetheless convinced that this outcome would be statutorily permissible.  This conclusion is supported by the construction of related Kentucky labor statutes, which suggest that had the legislature wanted to mandate when the requisite 10-minute rest break must be taken or limit when it could not, the legislature could have specifically done just that.  *See Kentucky v. O'Bryan*, 97 S.W.3d 454, 456 (Ky. Ct. App. 2003) ("Under the doctrine of *in pari materia,* statutes having a common purpose or subject matter must be construed together . . . ."). For example, the Kentucky lunch-period statute, Ky. Rev. Stat. § 337.355, which appears only one subsection away

---

[1] Or, more precisely perhaps, "another 3 hours 50 minutes."  *See* 1984 Ky. Op. Att'y Gen. 2-275, OAG 84-251, at 2 ("[T]he obligatory ten-minute rest period must be considered as working time.  Where an employee actually works a minimum of three hours and fifty minutes, a ten-minute rest period must be added to the hours worked, to determine the number of rest periods and wherein each on occurs.").

from the rest-break statute, expressly provides: "In no case shall an employee be required to take a lunch period sooner than three (3) hours after his work shift commences, nor more than five (5) hours from the time his work shift commences."  Thus, as BGMF points out, this statute suggests that when the legislature wants to assign parameters on the timing of breaks, it knows how to and will do so.  The lunch-period statute has been on the books unchanged for nearly forty years and was in place well before the 1980 amendment to § 337.365.  These statutes, read together, inform the conclusion that the legislature did not intend to limit when the 10-minute rest period must be provided during each four hours worked.  Accordingly, the Court remains convinced that its interpretation of § 337.365 is correct here.

As a final note, Garner suggests in her Response that perhaps it would be appropriate to certify a question to the Kentucky Supreme Court for guidance as to the interpretation of § 377.365.  (Docket No. 16-1, at 8.)  Kentucky Rule of Civil Procedure 76.37(2) provides that a question may be certified "upon the court's own motion or upon the motion of any party to the cause."  Garner has not formally moved to certify a question to the Kentucky Supreme Court; and, based on its reasoning herein, this Court does not believe it necessary to do so on its own motion at this time.

CONCLUSION

For the foregoing reasons, the Court concludes that, as a matter of law, Garner has failed to state a claim under Ky. Rev. Stat. § 377.365 for which relief can be granted. Therefore, dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(6). An appropriate Order will issue separately.

Date:

cc: Counsel